# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THEOPHUS L. KNIGHT,**

          **Plaintiff**

       v.                                                    **Case No. 06-C-0392**

**DIVISION OF HEARINGS AND APPEALS and**
**WISCONSIN DEPARTMENT OF HEALTH AND**
**FAMILY SERVICES,**

          **Defendants.**

## DECISION AND ORDER

On April 3, 2006, the plaintiff Theophus L. Knight ("Knight") filed his *pro se* complaint in this Court, alleging that he did not receive a fair hearing before the State of Wisconsin Division of Hearings and Appeals. In his complaint, Knight claims that the Department of Health and Family Services denied authorization for certain dental services that he required. Knight appealed this decision, but claims that the Division of Hearings and Appeals denied him a fair hearing. Knight brings his suit pursuant to the Americans with Disabilities Act and the Administrative Procedures Act.

Knight sought leave to prosecute his action *in forma pauperis* (IFP). In a decision dated May 1, 2006, the Court denied that request. On June 1, 2006, the Court received a letter from Knight, stating that the Court, in its decision, had incorrectly used an inflated income figure, $2,307, rather than the correct amount of $2,030. To confirm this latter

figure, Knight provided a copy of a Medicaid supporting budget data sheet for his household. Knight's letter may therefore be construed as a motion to reconsider insofar as it seeks to correct the Court's use of an incorrect number in its calculation of Knight's finances.

Knight's original affidavit identifies an income of $2,037. Though not exactly the same as the $2,030 income he now claims, the difference is negligible. Either figure, however, is significantly less than the $2,300 that the Court originally considered in its May 1, 2006 Decision and Order. The Court has re-evaluated Knight's IFP affidavit in light of this information. However, even considering the corrected income figure, the Court finds that Knight's income still exceeds his expenses by over $300 per month. And, as the Court pointed out in its previous decision:

> . . . Knight owns a fairly recent model car, but indicates that he has no car payments. Knight values the car at $13,000, a valuable piece of property. The absence of car payments further suggests that Knight possessed the resources to pay a significant expense fairly rapidly. The ownership of a $160,000 residence also is a significant asset and likewise demonstrates financial resources.

(Decision and Order, May 1, 2006, at 2.) Thus, the Court will not modify its prior order denying Knight's request to proceed IFP. The Court, insofar as its error may have caused some uncertainty, will provide Knight with additional time in which to pay the filing fee for his action.

Knight's missive may also be construed as a motion to amend. He states that he seeks an "amendment" pursuant to Rule 15 of the Federal Rules of Civil Procedure. Knight is entitled to amend his complaint once as a matter of right before a responsive pleading is

2

served. *See* Fed. R. Civ. P. 15(a). However, insofar as the Court has determined that Knight is able to pay the filing fee associated with his action, the Court will not consider Knight's complaint, much less any amendments thereto, until the filing fee is paid in full. The Court therefore denies Knight's motion to amend.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Construed as a motion to reconsider the Court's order denying his request to proceed *in forma pauperis*, Knight's motion (Docket No. 4) is **DENIED**.

Construed as a motion to amend, Knight's motion (Docket No. 4) is **DENIED.**

Knight shall pay the filing fee associated with his action no later than July 14, 2006. Failure to pay the requisite filing fee by that date will result in the dismissal of his action.

Dated at Milwaukee, Wisconsin this 13th day of June, 2006.

                      **BY THE COURT**

                      s/ Rudolph T. Randa
                      **Hon. Rudolph T. Randa**
                      **Chief Judge**